UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OHIO NATIONAL LIFE ASSURANCE
CORPORATION, *et al.*,

    Plaintiffs,

vs.

CRESCENT FINANCIAL & INSURANCE
AGENCY, INC., *et al.*,

    Defendants.

Case No. 1:15-cv-727

Judge Timothy S. Black

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS (Docs. 7, 8)**

This civil action is before the Court on Defendants'[1] motion to dismiss and memorandum (Docs. 7, 8) and the parties'[2] responsive memoranda (Docs. 11, 12).

## I.    FACTS <u>AS ALLEGED</u> BY THE PLAINTIFFS

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to the Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiffs allege that the parties entered into a commission agreement ("Agreement") on June 25, 2014. (Doc. 2 at ¶ 2). Plaintiffs maintain that under the terms of the Agreement, Defendants are "obligated to the Plaintiffs for commissions paid but not earned in the amount of $276,209.50." (*Id.* at ¶ 3). Based on these allegations, the complaint seeks damages for: (1) breach of contract against Crescent (Count I);

---

[1] Defendants include Crescent Financial & Insurance Agency, Inc. and Michael Monday.

[2] Plaintiffs include Ohio National Life Assurance Corporation and The Ohio National Life Insurance Company.

(2) breach of contract against Mr. Monday (Count II); and (3) breach of professional responsibilities and fraud against Mr. Monday (Count III). (*Id.*)

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2))

### III. ANALYSIS

#### A. Breach of Contract Claim Against Crescent

Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012).

Defendant Crescent argues that Plaintiffs fail to allege performance or breach of contract. The complaint states that Crescent is "obligated to the Plaintiffs for commissions paid but not earned in the amount of $276,209.50" for non-performance under the contract. (Doc. 2 at ¶ 3). Accordingly, the complaint alleges performance, breach, and damages, as required to state a claim for breach of contract.[3]

#### B. Breach of Contract Claim Against Monday

Next, Defendant Monday argues that he was not a party to the Agreement, so no contract binds him. "It is axiomatic that the plaintiff must show that the defendant was a

---
[3] Plaintiffs' bare-bones complaints do not exhibit the spirit of candor and cooperation contemplated by the Federal Civil Rules.

3

party to the contract before proceeding on a breach of contract theory." *Jackson v. Sunnyside Toyota, Inc.*, 887 N.E.2d 370, 376 (Ohio App. 2008). Monday argues that the Agreement is between the Plaintiffs and Defendant Crescent—not him. (Doc. 2, Ex. 1). Under Ohio law, when an individual signs an agreement without clearly identifying the corporation for which the person intended to sign, that person is exposed to individual liability for that agreement. *West Shell Commercial v. NWS, LLC*, No. CA 2006-06-154, 2007 Ohio App. LEXIS 409, at *6 (Ohio App. Feb. 5, 2007).[4]

Review of the contract shows a written General Agent contract signed by Mr. Monday on behalf of Crescent on June 25, 2014. (Doc. 2, Ex. 1 at 7, 9).[5] Specifically, in the Agreement's signature block, Crescent is listed as the General Agency with Monday signing on its behalf. It is clear that Monday was signing as the corporate officer for Crescent, because under Monday's signature is a signature line which states "Title (if signing for a corporate or other entity)" above which Monday clearly wrote "C.E.O." (*Id.* at 7). Accordingly, Monday is not a party to the Agreement, so Plaintiffs' breach of contract claim against him fails as a matter of law.

---

[4] *See also The Big H, Inc. v. Watson*, No. C-050424, 2006 Ohio App. LEXIS 3975, at *3 (Ohio App. Aug. 4, 2006) ("[W]hen an agent signs a contract as an individual without adding the name of the principal, the agent is personally bound by the contract. Similarly, a corporate officer is responsible for clearly identifying the corporation for which the officer is signing, or the officer is exposed to individual liability.").

[5] The Agreement states "This Contract is made and entered into by The Ohio National Life Insurance Company and Ohio National Life Assurance Corporation (individually and/or collectively the "Company") and the General Agent named above." (Doc. 2, Ex. 1 at 1). The "General Agent" identified in the Agreement is not Mr. Monday—it is Defendant Crescent. (*Id.* at 5). The Corporate Endorsement similarly confirms that the "General Agency" identified in the Agreement is not Mr. Monday—it is Defendant Crescent. (*Id.*)

### C. Fraud Claim Against Monday

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a plaintiff, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). Plaintiffs are required, at a minimum, to identify the "who, what, when, where, and how" of the alleged fraud. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

Plaintiffs maintain that Monday's fraudulent underwriting activities are detailed in the "Account Analysis" (attached to the complaint), which put him on notice of: (1) the type of fraudulent conduct; (2) the accounts impacted by the conduct; (3) the dates at issue (November 10, 2014 and March 18, 2015); and (4) the amount at issue. (Doc. 2, Ex. 2). Upon review of the Account Analysis, which is literally a redacted list of numbers without any context, it is still unclear what fraudulent scheme Monday allegedly undertook. Accordingly, Plaintiffs fail to allege fraud with the requisite particularity.

However, under Rule 15, leave to amend should be freely granted when justice so requires. *See Ross v. American Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). Where particularity in pleading fraud is required, courts have recognized that "leave to amend is particularly appropriate where the complaint does not allege fraud with

5

particularity." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Accordingly, Plaintiffs are granted leave to amend the complaint to plead fraud with particularity.

## D.     Professional Responsibilities Claim Against Monday

Next, Monday argues that Plaintiffs fail to state a claim for "breach of professional responsibilities." It is unclear whether Plaintiffs intended to allege a separate "breach of professional responsibility" claim or whether the allegation is simply part of a claim for fraud. Regardless, the claim fails as a matter of law. Counsel failed to submit authority supporting a cause of action for breach of professional responsibility, and the Court has not located any case law recognizing the claim. Neither the Court nor the Defendants are required to "hazard a guess" as to the cause of action asserted. *Kung v. Ohio Dep't of Ins.*, No. 2:05cv1048, 2006 U.S. Dist. LEXIS 55751, at \*2 (S.D. Ohio Aug. 10, 2006). Accordingly, the breach of professional responsibility claim is dismissed as a matter of law.

## E.     Claims by Ohio National Life Insurance Company

Finally, Defendants argue that The Ohio National Life Insurance Company failed to oppose their motion to dismiss and therefore the claims it asserted should be dismissed. The Court is equally confused as to why counsel, who represents both Plaintiffs, only responded with respect to Plaintiff Ohio National Life Assurance

Corporation.  While the Court declines to dismiss the claims on that basis alone,[6] the Court cautions the parties to carefully brief the legal and factual issues going forward.

### IV.  CONCLUSION

For these reasons, Defendants' motion to dismiss (Docs. 7, 8) is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the following claims are dismissed: Plaintiffs' breach of contract claim against Defendant Monday; (2) Plaintiffs' breach of professional responsibility claim against Monday; and (3) Plaintiffs' fraud claim against Monday.

Plaintiffs are granted leave to amend their complaint (with respect to the fraud claim only), within 14 days from the date of this Order.

**IT IS SO ORDERED**.

Date:  2/18/16   *s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[6] This Court seeks to decide cases on the merits and not procedural defaults.  *See Foman v. Davis,* 371 U.S. 178 (1962).